UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACY L. LINER,<br><br>    Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. C19-1892-MLP<br><br>ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating the medical testimony, a Department of Veterans Affairs ("VA") disability rating, and Plaintiff's testimony. (Dkt. # 8.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1975, has a high school education, and has worked as a document preparer, waiter/server, restaurant manager, retail sales clerk, and counter clerk. AR at 26-27. Her last earnings were in 2017. *Id.* at 54. Plaintiff alleges disability beginning November 30, 2017. *Id.* at 15. After conducting a hearing on June 3, 2019, the ALJ issued a decision on June

ORDER - 1

17, 2019, finding Plaintiff not disabled. *Id.* at 33-71, 15-27. Utilizing the five-step disability evaluation process,[1] the ALJ found Plaintiff's severe mental and physical impairments limited her to medium work with additional restrictions, including only simple, routine tasks with minimal supervisor contact, no teamwork, and no public contact. *Id.* at 17-21. The ALJ found Plaintiff could perform her past work as a document preparer, as well as other work that exists in significant numbers in the national economy. *Id.* at 25-26.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

---

[1] 20 C.F.R. § 404.1520.

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.     DISCUSSION

### A.     The ALJ Did Not Err in Discounting Plaintiff's Testimony

The ALJ could only discount Plaintiff's testimony for clear and convincing reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). Plaintiff contends the ALJ failed to provide any reason. While the ALJ may have explained his decision "'with less than ideal clarity,' … [the] error is harmless if [the ALJ's] 'path may be reasonably discerned ….'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Alaska Dep't of Envtl. Conserv. v. EPA*, 540 U.S. 461, 497 (2004)). While a clearer statement of the ALJ's reasoning may have been desirable, our circuit requires no specific language. *See Magallanes*, 881 F.2d at 755 ("It is true that the ALJ did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because. . . .' But our cases do not require such an incantation. As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). The ALJ's reasoning here is readily discerned.

The ALJ discounted Plaintiff's testimony of memory and concentration difficulty, extreme anxiety and social withdrawal, and frequent need for the bathroom, based on conflict with her activities and the medical evidence. AR at 22-23. The ALJ cited typically normal mental status examination findings to discount Plaintiff's claims of disabling mental impairments. *Id.* at 22 (Plaintiff "has routinely been found to have a logical thought process, fair

insight/judgment, normal cognitive functioning, and unimpaired memory, concentration, and attention"). In assessing Plaintiff's impairments at step two, the ALJ discounted Plaintiff's testimony of severe social difficulty because she took multiple airplane flights, including to attend a large convention, noting that air travel "requires one to interact appropriately with other people in crowded airport terminals and onboard the airplane." *Id.* at 19 n. 2. The ALJ determined Plaintiff's physical complaints, including irritable colon syndrome and hemorrhoids, required no more than the RFC's limitation to "medium work with reduced postural activity and additional environmental restrictions." *Id.* at 23. Plaintiff has not shown harmful error in the ALJ's reasoning. The Court concludes the ALJ did not err by discounting her testimony.

### B. The ALJ Did Not Err in Evaluating the Medical Testimony

Plaintiff contends the ALJ could only discount her treating doctors' opinions for "specific and legitimate" reasons according to Ninth Circuit precedent. The Commissioner contends new regulations, effective for applications filed after March 2017, abolished the "specific and legitimate" standard. The Commissioner contends courts may only review whether an ALJ provided substantial evidence and properly applied the new regulations, which focus on an opinion's supportability and consistency with the record. The Court need not address this dispute because the ALJ's reasons were adequate under either standard.

#### 1. *The ALJ Did Not Err in Discounting the Opinion of Janelle Painter, Ph.D.*

In February 2019, Plaintiff's treating psychologist, Dr. Painter, opined she experienced "significant difficulty" in handling basic tasks, interacting effectively with others, adhering to basic work expectations, and showed "marked impairment in her ability to care for herself and attend to routine activities of daily living without support and prompting." AR at 1175. The ALJ

discounted Dr. Painter's opinions as inconsistent with her own and others' clinical findings and Plaintiff's activities. AR at 24.

### a.  Conflict with Medical Evidence

Plaintiff contends the ALJ erred by viewing Dr. Painter's opinions "in isolation, instead of viewing [her treatment notes] as a whole." (Dkt. # 10 at 3.) In fact, the ALJ did review Dr. Painter's treatment notes and specifically found they document largely "unimpaired memory and otherwise grossly normal mental status examination findings." AR at 24.

Plaintiff also contends screening test results for PTSD and depression, and the fact that she takes psychiatric medication and attends counseling, are consistent with Dr. Painter's opinions. (Dkt. # 8 at 6-7.) There is no dispute Plaintiff has severe mental impairments, and the ALJ accounted for them with several limitations in the RFC determination. AR at 20-21. The existence of impairments and treatment does not undermine the ALJ's finding. The ALJ provided substantial evidence that Dr. Painter's opinions conflicted with her own findings and other findings in the record. This conflict was a "specific and legitimate" reason to discount her opinions. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (affirming rejection of doctor's opinion that was contradicted by her own and other medical examiners' reports). This conflict also satisfies the focus of the 2017 regulations on consistency with the record. The ALJ did not err by discounting Dr. Painter's opinions based on conflict with the medical evidence.

### b.  Conflict with Activities

The ALJ discounted Dr. Painter's opinions based on several activities, including taking vacations. AR at 24. Plaintiff argues this is insufficient because the record contains "no details" about a trip where she flew to San Diego and attended a large convention. (Dkt. # 10 at 5.)

Contrary to Plaintiff's argument, no further details are required. The ALJ reasonably inferred air travel "requires one to interact appropriately with other people in crowded airport terminals and onboard the airplane." AR at 19 n. 2. Plaintiff's rank speculation that she may have attended the conference for no more than an hour or may have been able to "sit on the side-lines to avoid contact with others" does not deprive the ALJ's decision of substantial evidence. (*See* Dkt. # 10 at 5.) In the absence of additional information about Plaintiff's specific activities, which Plaintiff would have been in a position to provide at the hearing, the ALJ permissibly inferred that air travel and attending a large conference involved interacting with people. The ALJ did not err by discounting Dr. Painter's opinions based on conflict with Plaintiff's activities. The Court concludes the ALJ did not err by discounting Dr. Painter's opinions.

     2.  *The ALJ Did Not Err in Discounting the Opinion of Dane Wingerson, MD*

  In February 2019, Plaintiff's treating physician, Dr. Wingerson, opined despite treatment "she remains with significant social/functional impairment" and is "likely permanently and totally disabled … and unemployable." AR at 947. The ALJ discounted Dr. Wingerson's opinions as inconsistent with his own and other providers' clinical findings of largely normal mental status examination results. *Id.* at 24. This was a specific and legitimate reason supported by substantial evidence. *See*, *e.g.*, *Id.* at 946-47, 449-50, 507-08.

  Plaintiff argues Dr. Wingerson's opinions are supported by the fact that he prescribed several psychiatric medications and therefore they must have been "medically justified." (Dkt. # 8 at 11.) Use of medications does not undermine the ALJ's reasoning. If medications help Plaintiff's condition, her functional capacity must be assessed taking the successful treatment into account. *Cf. Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be "controlled effectively" by medication or treatment are not considered

disabling for purposes of determining eligibility for Social Security benefits). Again, there is no dispute Plaintiff has severe mental impairments. Plaintiff erroneously asserts Dr. Wingerson "observed" PTSD symptoms and "opined" Plaintiff continues to experience PTSD symptoms. (Dkt. # 8 at 11.) In the treatment notes Plaintiff cites, Dr. Wingerson documented Plaintiff's self-reports of PTSD symptoms. AR at 930, 946, 1040, 1057, 1099, 1252, 1291, 1307. The ALJ permissibly discounted Plaintiff's self-reports.

Finally, Plaintiff argues Dr. Wingerson's normal mental status findings are not reflective of her usual condition because she felt safe at the VA. (Dkt. # 10 at 6.) However, the fact that Dr. Wingerson chose to record such observations for treatment purposes suggests they are relevant to Plaintiff's overall functioning. The ALJ reasonably considered them in evaluating Dr. Wingerson's opinions.

None of Plaintiff's arguments undermine the ALJ's reasoning. The Court concludes the ALJ did not err by discounting Dr. Wingerson's opinions.

### 3. *Non-examining State Agency Doctors Edward Beaty, Ph.D., and John Robinson, Ph.D.*

The ALJ found Dr. Beaty's May 2018 and Dr. Robinson's June 2018 opinions "partially persuasive," accepting their moderate limitations but rejecting their mild limitations. AR at 23-24. Plaintiff contends the ALJ erred by partially accepting their opinions under the consistency and supportability standards of the new regulations. Plaintiff notes their opinions are inconsistent with Dr. Painter's and Dr. Wingerson's opinions. However, inconsistency with opinions the ALJ permissibly rejected does not undermine Dr. Beaty's and Dr. Robinson's opinions.

The ALJ partially accepted Dr. Beaty's and Dr. Robinson's opinions because "they were able to review the available evidence of record and provided an in-depth summary of relevant

medical findings which support their conclusions." AR at 24. Plaintiff argues the ALJ's finding is not supported by substantial evidence because Dr. Beaty and Dr. Robinson only summarized one or two treatment notes from May 2018, while the record contains over a thousand pages of medical evidence. (Dkt. # 8 at 13.) Dr. Beaty and Dr. Robinson had access to more than two treatment records to review. *See* AR 74-75, 85-87. The ALJ found they summarized the *relevant* findings, not all findings. And, Plaintiff has not shown that the summarized treatment records misrepresent or conflict with the entirety of the record. Their normal results are typical of the remainder of the medical evidence. Substantial evidence supports the ALJ's findings on the supportability of Dr. Beaty's and Dr. Robinson's opinions. The Court concludes the ALJ did not err by partially accepting Dr. Beaty's and Dr. Robinson's opinions.

    **C. The ALJ Did Not Err by Not Addressing a VA Disability Notice**

    In a summary of benefits letter dated January 15, 2019, the VA stated Plaintiff received benefits, effective December 1, 2018, because she was "unemployable due to [her] disabilities" and was "considered to be totally and permanently disabled due solely to" her disabilities. AR at 349. Based on the regulations promulgated in 2017, the ALJ declined to articulate an analysis of the letter. *See id.* at 25 (citing 20 C.F.R. § 404.1520b(c)). Under the 2017 regulations, an ALJ "will not provide any analysis" of "[d]ecisions by other governmental agencies" because they are "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c). Plaintiff contends this regulation cannot be sustained because it fails to serve a legitimate government interest. (Dkt. # 8 at 16.) As the Commissioner notes, the Social Security Administration provided several reasons for its new regulation, most relevant here: "the other agency or entity's decision … may not include any explanation of how the decision was made . . . ." 82 Fed. Reg. 5844-01 at 5848 (Jan. 18, 2017). The VA's letter contains no explanation for its disability determination. Plaintiff

contends the Administration's reasons are insufficient because excluding certain evidence does not further the interest in "thorough and accurate decisions based upon all of the evidence." (Dkt. # 10 at 8.) But Plaintiff fails to explain how the VA's conclusory statement of disability is evidence that sheds any light on the issues before the ALJ. The Ninth Circuit has never required ALJs to discuss every single document in the record. *See Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). The Court concludes Plaintiff fails to show the 2017 regulation is invalid.

Plaintiff next contends the ALJ failed to develop the record by obtaining records of two examinations. Under the new regulations, the ALJ must still consider any underlying medical evidence the VA relied upon, if such evidence is part of the record before the ALJ. 20 C.F.R. § 404.1504. A Rating Decision letter from the VA, dated April 30, 2018, listed evidence the VA considered or attempted to procure, including two "VA contract examination[s], QTC, dated March 30, 2018 [and] April 6, 2018." AR at 337. However, an "ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001). Plaintiff has shown no ambiguity or inadequacy in the record. The bulk of the evidence listed in the VA's Rating Decision letter appears to be VA treatment records, and those after Plaintiff's alleged onset date are in the record before the ALJ. *Compare* AR at 337 *with* Court Transcript Index, Dkt. # 6 at 2-3. Moreover, Plaintiff's representative at the hearing agreed the record was complete. AR at 37. The Court concludes the ALJ did not fail to fulfill his duty to develop the record.

### D. The ALJ Did Not Err in the Step Four and Five Determinations

Plaintiff contends error at steps four and five based on an RFC that failed to incorporate Dr. Painter's and Dr. Wingerson's opinions, Plaintiff's testimony, and resulting incomplete hypothetical to the vocational expert. However, because the Court finds no error in the assessed RFC and, therefore, the corresponding hypothetical to the vocational expert, this restating of Plaintiff's argument fails to establish error at step four or five. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 7th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge